**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**GEORGE F. WEBER**                                  **CIVIL ACTION**

**VERSUS**                                           **NO. 23-1200**

**DENIS MCDONOUGH**                                  **SECTION: "G"(4)**


## ORDER AND REASONS

Before the Court is a Motion for Partial Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Denis McDonough, Secretary of the United States Department of Veterans Affairs ("Defendant").[1] Plaintiff George F. Weber ("Plaintiff") brings claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act, alleging that Defendant discriminated against him based on his age, race, and disability.[2] Defendant contends that Plaintiff's complaint contains allegations that exceed the scope of the administrative Equal Employment Opportunity ("EEO") claim submitted to the Department of Veterans Affairs ("VA").[3] Defendant argues that said claims should be dismissed.[4]

The instant motion was set for submission on August 21, 2024. Pursuant to Local Rule 7.5, an opposition to the motion was to be filed on or before August 13, 2024. To date, Plaintiff has not filed a response to the motion. As such, the motion shall be deemed unopposed. This Court

---

[1] Rec. Doc. 35.

[2] *See* Rec. Doc. 1.

[3] Rec. Doc. 35.

[4] *Id.*

1

has authority to grant a motion as unopposed, although it is not required to do so.[5] Considering the

motion, the record, and the applicable law, the Court grants the motion.

## I. Background

On August 9, 2017, Plaintiff submitted a formal EEO complaint for discrimination to the

VA based on age, color, reprisal, and disability.[6] Based on Plaintiff's formal complaint, the agency

accepted three claims:

> A.    Whether the complainant was discriminated against based on age, color
> (light complexion), reprisal (current EEO activity), and disability, when on
> April 20, 2017, Willie Martin (WM), Supervisory Human Resources
> Specialist, did not select him for the in-Service position of Human
> Resources Specialist Trainee, GS-7 (Target GS-9/11).
>
> B.    Whether the complainant was discriminated against based on age, color
> (light complexion, reprisal (current EEO activity), and disability, when in
> May 2017, WM did not select him for the in-Service position of Training
> Instructor for Employee Education, GS-11.
>
> C.    Whether the complainant was discriminated against based on age, color
> (light complexion), reprisal (current EEO activity), and disability, when on
> June 8, 2017, WM issued him an admonishment.[7]

On April 7, 2023, Plaintiff, acting *pro se*, filed a complaint in this Court against Inger

Alston, Willie B. Martin, Fernando O. Rivera, and Leonel Lecayo (collectively, the "original

Defendants").[8] Plaintiff brought claims pursuant to Title VII, the Age Discrimination in

Employment Act, Americans with Disabilities Act, and the Rehabilitation Act.[9] The Complaint

states that Plaintiff was employed with the Department of Veterans Affairs at the Southeast

---

[5] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[6] *See* Rec. Doc. 1.

[7] *Id.*

[8] *Id.*

[9] *Id.*

Louisiana Veterans Healthcare System of New Orleans.[10] Plaintiff contends that during his employment, he suffered from neglect, abuse, and discrimination.[11] Plaintiff states that the conditions worsened when he took a position with the VISN 16 Special Staffing Unit, which was offered as a HR Specialist position with telework privileges.[12] Plaintiff avers that he took the position, but he did not receive a promotion or telework assignment.[13] The Complaint alleges that Plaintiff experienced further retaliation from VISN 16 managerial and leadership staff from August 14, 2020 to May 20, 2022, when he was removed from employment with the VA based on excessive absenteeism.[14] Plaintiff contends that agency officials denied Plaintiff the medical certifications needed to renew his leave under the Family and Medical Leave Act, and agency officials failed to grant Plaintiff reasonable accommodations to telework, even though the position was a telework position.[15]

The Complaint alleges that after Plaintiff's termination from the VA, he was denied assistance in completing his paperwork for disability retirement, and as a result, Plaintiff was not allowed to collect unemployment benefits.[16] Plaintiff contends that agency officials have deterred Plaintiff from obtaining subsequent employment.[17]

---

[10] *Id.* at 7.

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

On July 26, 2023, this Court granted the original Defendants' motion to dismiss and substituted Denis McDonough, Secretary of the Department of Veterans Affairs, as the sole defendant.[18] On July 29, 2024, Defendant filed the instant motion.[19] To date, Plaintiff has not filed a response to the motion.

## II. Defendant's Arguments in Support of Dismissal

According to Defendant, Plaintiff's claims that were not included in the EEOC charge should be dismissed for failure to exhaust administrative remedies.[20] Defendant contends that the scope of the complaint is limited to the scope of the EEOC investigation.[21] Defendant avers that a claim alleging one theory of discrimination must be dismissed where the EEOC charge alleges a different theory of discrimination.[22] Defendant asserts that courts have dismissed a plaintiff's claims where he included allegations in his complaint that were not included in the EEOC charge.[23]

Defendant contends that Plaintiff's EEOC charge of discrimination included allegations based on age, color, reprisal, and disability related to three incidents: (1) his non-selection for the position of Human Resources Specialist GS-7 on April 20, 2017; (2) his non-selection for the position of Training Instructor for Employee Education GS-11 in May 2017; and (3) Plaintiff's

---

[18] Rec. Doc. 10.

[19] Rec. Doc. 35.

[20] Rec. Doc. 35-1 at 4.

[21] *Id.*

[22] *Id.*

[23] *Id.* at 4–5.

June 8, 2017 admonishment.[24] Defendant states that Plaintiff's complaint includes allegations of Defendant failing to promote him and subjecting him to false disciplinary actions.[25]

Defendant contends that the complaint contains allegations that exceed the scope of Plaintiff's EEOC administrative claim and investigation.[26] Defendant contends that the complaint includes allegations related to the denial of medical certifications for a telework accommodation, denial of training opportunities, disclosure of his protected health information, removal from employment with the Department of Veterans Affairs on May 20, 2022, and issues related to his unemployment benefits after his removal.[27] Defendant asserts that these allegations could not reasonably be expected to grow out of the charge of discrimination.[28] Defendant argues that these claims were not administratively exhausted and should be dismissed.[29]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[30] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[31] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[24] *Id.* at 5.

[25] *Id.*

[26] *Id.*

[27] *Id.* at 5–6.

[28] *Id.* at 6.

[29] *Id.*

[30] Fed. R. Civ. P. 12(b)(6).

[31] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

plausible on its face.'"[32] "Factual allegations must be enough to raise a right to relief above the speculative level."[33] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[34]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[35] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[36] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[37] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[38] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[39] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[40] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each

---

[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[33] *Twombly*, 550 U.S. at 555.

[34] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[35] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[36] *Iqbal*, 556 U.S. at 678–79.

[37] *Id.* at 679.

[38] *Id.* at 678.

[39] *Id.*

[40] *Id.*

element of the asserted claims.[41] If factual allegations are insufficient to raise a right to relief above

the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable"

bar to relief, the claim must be dismissed.[42]

## V. Analysis

Plaintiff brings this action pursuant to Title VII, the ADEA, the ADA, and the

Rehabilitation Act.[43] "Title VII . . . provides for private causes of action arising out of employment

discrimination and gives federal courts subject matter jurisdiction to resolve such disputes."[44]

Before seeking judicial relief, Title VII requires plaintiffs to "exhaust their administrative remedies

by filing a charge of discrimination with the EEO division of their agency."[45] The ADEA has a

similar exhaustion requirement.[46]    The ADA and the Rehabilitation Act also incorporate by

reference the procedures for exhaustion applicable to Title VII claims.[47] "Federal regulations

---

[41] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[42] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[43] Rec. Doc. 1.

[44] *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021) (citing *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 303 (5th Cir. 2018).

[45] *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). Instead of the EEO, private sector employees must file an administrative charge with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at 788, n.6 (citing 42 U.S.C. § 2000e-5(b) (2005)). Because the presently relevant scope of the exhaustion requirement is the same for both federal and private employees, the Court may rely on both federal and private-sector employment-discrimination cases. *Id.*

[46] *Smith v. U.S. Dep't of Navy*, 988 F.2d 1209, 1993 WL 81979 at *3 (5th Cir. 1993). There is a special statutory exception to the exhaustion doctrine for ADEA claims filed by federal employees: "the employee may proceed directly to federal court . . . no later than 180 days from the alleged discriminatory act, and providing that he or she first has filed a notice of intent to sue within 30 days prior to commencing suit." *Id.* at *3, n.11 (citing 29 U.S.C. § 633a(d)). The exception does not apply in this case as Plaintiff chose to proceed before the EEO.

[47] *Mathes v. Harris Cnty., Tex.*, 31 F. App'x 835 (5th Cir. 2002) ("Because the ADA has explicitly adopted Title VII's administrative exhaustion procedures, it is clear that our standards for Title VII apply to the ADA as well."); *Smith v. Potter*, 400 F. App'x 806, 811 (5th Cir. 2010) (quoting *Prewitt v. United States Postal Serv.*, 662 F.2d 292, 304 (5th Cir. Unit A 1981)) ("Thus, "the Rehabilitation Act ... established a private right of action subject to the same procedural constraints (administrative exhaustion, etc.) set forth in Title VII of the Civil Rights Act....").

require an employee who believes that he has been discriminated against on the basis of race, color, religion, sex, national origin, age, or handicap to initiate contact with an EEO counselor within forty-five days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within forty-five days of the effective date of the action."[48]

Defendant argues that the complaint contains allegations that exceed the scope of Plaintiff's EEO charge of discrimination and said claims should be dismissed for failure to exhaust administrative remedies. To meet the exhaustion requirement, "a claim generally must arise out of the plaintiff's EEOC charge."[49] The Fifth Circuit has emphasized that this requirement "relates to a key purpose of an employment-discrimination charge," which is to inform the employer of the existence and general substance of the discrimination allegations.[50] "The *scope* of the exhaustion requirement has been defined in light of two competing Title VII policies that it furthers."[51]

In *Pacheco v. Mineta*, the Fifth Circuit reasoned that "[o]n the one hand, because the 'provisions of Title VII were not designed for the sophisticated,' and because most complaints are initiated *pro se*, the scope of an EEOC complaint should be construed liberally" but "[o]n the other hand, a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in an attempt to achieve non-judicial resolution of employment discrimination claims."[52] The Fifth Circuit therefore instructs that the scope of an EEO complaint should be "construed liberally" and the Court should "look slightly beyond its four corners."[53] With that

---

[48] *Eberle v. Gonzales*, 240 F. App'x 622, 626 (5th Cir. 2007) (citing 29 C.F.R. § 1614.105(a)(1)).

[49] *Ernst*, 1 F.4th at 337.

[50] *Id*; *see McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008).

[51] *Pacheco*, 448 F.3d at 788 (emphasis added).

[52] *Id*. at 788–89 (emphasis added).

[53] *Id*.

balance in mind, this Court interprets the scope of the exhaustion requirement broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEO's investigation which "can reasonably be expected to grow out of the charge of discrimination."[54] The Court must engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label.[55] In sum, Plaintiff may include allegations "like or related to allegation[s] contained in the [EEO] charge and growing out of such allegations during the pendency of the case before the Commission."[56]

The Court notes that "[a] discriminatory act alleged in a lawsuit but not included in an [EEO] charge is not 'like or related to' acts that are alleged in an [EEO] charge simply because both are based on the same type of discrimination."[57] In order for a particular "alleged discriminatory act to fall within the scope of an [EEO] charge, there must be some factual relationship between the act and the acts described in the charge, beyond the fact that both involve the same employer and the same general type of discrimination."[58]

Defendant contends that the following factual allegations raised in the Complaint were not included in Plaintiff's EEO charge, and thus, should be dismissed: (1) denial of medical certifications for a telework accommodation; (2) denial of training opportunities; (3) disclosure of Plaintiff's protected health information; (4) Plaintiff's removal from employment with the

---

[54] *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 466 (5th Cir. 1970).

[55] *Fellows v. Universal Restaurants, Inc,* 701 F.2d 447, 451 (5th Cir. 1983); *Fine v. GAF Chemical Corp.,* 995 F.2d 576, 578 (5th Cir. 1993).

[56] *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008).

[57] *Turner v. St. Luke's Episcopal Health System,* No. 06-1668, 2008 WL 706709, at *8 (S.D. Tex. Mar. 14, 2008).

[58] *Id.*

Department of Veterans Affairs on May 20, 2022; and (5) issues related to Plaintiff's unemployment benefits after his removal.[59]

Plaintiff's August 9, 2017 EEO charge did not include allegations of a failure to accommodate claim, nor did the EEO charge reference allegations related to denial of training opportunities, disclosure of Plaintiff's protected health information, Plaintiff's removal from employment, or issues related to Plaintiff's employment benefits after removal.[60] "[C]ourts should not treat individual incidents of alleged discrimination as part of a discriminatory pattern for exhaustion purposes."[61] Under the Supreme Court's holding in *Morgan*, a plaintiff who alleges discrete acts of discrimination must initiate EEO contact for every act which falls outside the 45-day window.[62] "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify."[63] "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'"[64]

Based upon the Complaint, it is unclear whether the incidents at issue occurred within 45-days of Plaintiff filing the August 9, 2017 EEO charge. It is undisputed that Plaintiff did not file a formal supplement or amendment to his EEO charge following the incidents. As such, Plaintiff did not exhaust his remedies for his discrimination claims related to: (1) denial of medical certifications for a telework accommodation; (2) denial of training opportunities; (3) disclosure of

---

[59] Rec. Doc. 35-1 at 5–6.

[60] Rec. Doc. 35-2.

[61] *Nguyen v. Mabus*, 895 F. Supp. 2d 158, 172 (D.D.C. 2012) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)).

[62] 536 U.S. at 114.

[63] *Id.*

[64] *Id.*

Plaintiff's protected health information; (4) Plaintiff's removal from employment with the Department of Veterans Affairs on May 20, 2022; and (5) issues related to Plaintiff's unemployment benefits after his removal. Therefore, Plaintiff has not exhausted his administrative remedies and these claims must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that that Defendant's Motion for Partial Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)[65] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims related to (1) denial of medical certifications for a telework accommodation; (2) denial of training opportunities; (3) disclosure of Plaintiff's protected health information; (4) Plaintiff's removal from employment with the Department of Veterans Affairs on May 20, 2022; and (5) issues related to Plaintiff's unemployment benefits after his removal are **DISMISSED**.

**NEW ORLEANS, LOUISIANA** this ___30th___ day of December, 2024.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[65] Rec. Doc. 35.