## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GEORGE F. WEBER**                                              **CIVIL ACTION**

**VERSUS**                                                       **NO. 23-1200**

**DOUGLAS COLLINS, SECRETARY OF**                               **SECTION: "G"(4)**
**THE DEPARTMENT OF VETERANS**
**AFFAIRS**

### ORDER AND REASONS

Before the Court is Defendant Douglas Collins, Secretary of the Department of Veterans Affairs' ("Defendant") Motion for Summary Judgment.[1] Plaintiff George F. Weber ("Plaintiff") brings claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act, alleging that Defendant discriminated against him based on his age, race, and disability.[2] Defendant moves for summary judgment, arguing that Plaintiff cannot show a prima facie case of discrimination or retaliation.[3] Considering the motion, the oppositions, the reply memorandum, and the sur-reply memorandum, the Court finds that Defendant has offered legitimate, non-discriminatory reasons for Plaintiff's admonishment and non-selection for certain positions, and

---

[1] Rec. Doc. 42. Denis McDonough was the previous Secretary of the Department of Veterans Affairs. VA Secretary Collins is automatically substituted as defendant in place of former VA Secretary Denis McDonough by operation of Fed. R. Civ. P. 25(d).

[2] *See* Rec. Doc. 1.

[3] Rec. Doc. 42.

Plaintiff has not proven his burden of showing a pretext of discrimination. For the reasons stated herein, the Court grants the motion.

## I. Background

On August 9, 2017, Plaintiff submitted a formal EEO complaint for discrimination to the VA based on age, color, reprisal, and disability.[4] Based on Plaintiff's formal complaint, the agency accepted three claims:

A.   Whether the complainant was discriminated against based on age, color (light complexion), reprisal (current EEO activity), and disability, when on April 20, 2017, Willie Martin (WM), Supervisory Human Resources Specialist, did not select him for the in-Service position of Human Resources Specialist Trainee, GS-7 (Target GS-9/11).

B.   Whether the complainant was discriminated against based on age, color (light complexion), reprisal (current EEO activity), and disability, when in May 2017, WM did not select him for the in-Service position of Training Instructor for Employee Education, GS-11.

C.   Whether the complainant was discriminated against based on age, color (light complexion), reprisal (current EEO activity), and disability, when on June 8, 2017, WM issued him an admonishment.[5]

On April 7, 2023, Plaintiff, acting *pro se,* filed a complaint in this Court against Inger Alston, Willie B. Martin, Fernando O. Rivera, and Leonel Lecayo (collectively, the "original Defendants").[6] Plaintiff brought claims pursuant to Title VII, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and the Rehabilitation Act.[7] The Complaint states that Plaintiff was employed with the Department of Veterans Affairs at the Southeast Louisiana Veterans Healthcare System of New Orleans.[8] Plaintiff contends that during his

---

[4] Rec. Doc. 1.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* at 7.

employment, he suffered from neglect, abuse, and discrimination.[9] Plaintiff states that the conditions worsened when he took a position with the VISN 16 Special Staffing Unit, which was offered as a HR Specialist position with telework privileges.[10] Plaintiff avers that he took the position, but he did not receive a promotion or telework assignment.[11] The Complaint alleges that Plaintiff experienced further retaliation from VISN 16 managerial and leadership staff from August 14, 2020 to May 20, 2022, when he was removed from employment with the VA based on excessive absenteeism.[12] Plaintiff contends that agency officials denied Plaintiff the medical certifications needed to renew his leave under the Family and Medical Leave Act, and agency officials failed to grant Plaintiff reasonable accommodations to telework, even though the position was a telework position.[13]

The Complaint alleges that after Plaintiff's termination from the VA, he was denied assistance in completing his paperwork for disability retirement, and as a result, Plaintiff was not allowed to collect unemployment benefits.[14] Plaintiff contends that agency officials have deterred Plaintiff from obtaining subsequent employment.[15]

On July 26, 2023, this Court granted the original Defendants' motion to dismiss and substituted Denis McDonough, the previous Secretary of the Department of Veterans Affairs, as

---

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

the sole defendant.[16] On December 30, 2024, the Court granted Defendant's Motion for Partial Dismissal, dismissing Plaintiff's claims related to: (1) denial of medical certifications for a telework accommodation; (2) denial of training opportunities; (3) disclosure of Plaintiff's protected health information; (4) Plaintiff's removal from employment with the Department of Veterans Affair on May 20, 2022; and (5) issues related to Plaintiff's unemployment benefits after his removal.[17]

On December 30, 2024, Defendant filed the instant motion for summary judgment.[18] On January 2, 2025, Plaintiff filed an opposition to the motion.[19] On January 8, 2025, Defendant filed a reply memorandum in further support of the motion.[20] On March 7, 2025, Plaintiff filed a supplemental opposition.[21] On March 17, 2025, Defendant filed a sur-reply memorandum.

## II. Parties' Arguments

### A.  *Defendant's Argument in Support of the Motion for Summary Judgment*

Defendant seeks summary judgment on Plaintiff's remaining claims, related to (1) his non-selection for the position HR Resources Specialist GS-7 on April 20, 2017; (2) his non-selection of the Training Instructor for Employee Education GS-11 in May 2017; and (3) an admonishment issued to Plaintiff on June 8, 2017.[22] Defendant argues Plaintiff is unable to prove the essential

---

[16] Rec. Doc. 10.

[17] Rec. Doc. 39.

[18] Rec. Doc. 42.

[19] Rec. Doc. 43.

[20] Rec. Doc. 44.

[21] Rec. Doc. 59.

[22] Rec. Doc. 42-3 at 2.

elements of his discrimination and retaliation claims, and Defendant has articulated a legitimate, non-discriminatory reason for the two non-selections and admonishment.[23]

First, as it relates to the allegations surrounding the June 8, 2017 admonishment, Defendant states that on May 23, 2017, Plaintiff sent an inappropriate and disrespectful email to his co-worker, Dennis Godsey ("Godsey"), and cc'd two other employees.[24] Defendant states that on May 25, 2017, Godsey reported the email to Willie Martin ("Martin"), Plaintiff's immediate supervisor during the time.[25] Defendant contends on June 8, 2017, Martin issued an admonishment to Plaintiff based on this email.[26] Defendant states Martin testified that age, color, disability, or EEO activity did not factor into his decision to issue the admonishment.[27] Defendant states that Plaintiff appealed the admonishment through the grievance process, and on September 19, 2017, the grievance examiner recommended that the admonishment issued to Plaintiff be sustained.[28] Defendant explains that the grievance examiner agreed the May 23, 2017 email was disrespectful, unprofessional, and inappropriate, and the admonishment was within the limits of reasonableness as it falls below the recommended penalty for a first offense based on the Veterans Affairs'

---

[23] *Id.*

[24] *Id.* at 3.

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.*

handbook.[29] Defendant avers that on September 27, 2017, Fernando Rivera, the Veterans Affairs' Director, sustained the admonishment.[30]

Defendant points out that an admonishment did not rise to the level of adverse employment actions under Title VII discrimination claims before *Hamilton*[31] and *Muldrow*[32] but assumes for sake of argument that it might be actionable now.[33] Referencing the standard for disparate treatment under Title VII, which requires a showing of (1) an adverse employment action; (2) taken against a plaintiff because of her protected status, Defendant argues he has proffered a legitimate, non-discriminatory reason for issuing the admonishment based on the inappropriate email sent by Plaintiff.[34] Defendant contends there is no evidence that these legitimate reasons were a pretext to admonish Plaintiff because of his race or color.[35] Referencing the standard for retaliation under Title VII, Defendant points out that an admonishment is not an adverse action for a retaliation claim.[36] Assuming that an admonishment is considered an adverse employment action in the context of retaliation under Title VII, Defendant argues that he has articulated a legitimate, non-discriminatory reason for issuing the admonishment.[37] Defendant argues Plaintiff's ADEA claim based on the underlying admonishment should be dismissed because Plaintiff has no

---

[29] *Id.* at 4.

[30] *Id.*

[31]  *Hamilton v. Dallas Cnty.*, 79 F.4th 494 (5th Cir. 2023).

[32] *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346 (2024).

[33] Rec. Doc. 42-3 at 9.

[34] *Id.*

[35] *Id.* at 10.

[36] *Id.*

[37] *Id.* at 11.

evidence that his age served as any basis for his admonishment, and Defendant states that he has provided a legitimate, non-discriminatory reason for the admonishment.[38] Defendant argues Plaintiff's Rehabilitation claim should be dismissed because Defendant has articulated a legitimate, non-discriminatory reason for issuing the admonishment.[39]

Second, as it relates to the allegations surrounding Plaintiff's non-selection for Training Instructor for Employee Education GS-11, Defendant explains Martin had no role in the selection for the position.[40] Defendant avers that Charon Flowers-Maple, a black woman, was the selecting official for the Training Instructor for Employee Education position.[41] Defendant contends Ms. Flowers-Maple did not know Plaintiff, and was unaware of his age, color, disability, or EEO activity.[42] Defendant avers the most qualified candidate, Lesa Vaughn, a black woman, was interviewed and ultimately selected for the position.[43] Defendant contends Plaintiff was not as qualified for the position as Ms. Vaughn.[44]

Third, as it relates to the allegations surrounding Plaintiff's non-selection for Human Resources Specialist Trainee GS-7, Defendant explains that Plaintiff applied for the position on January 24, 2017.[45] Defendant states that all five applicants who responded to the recruitment

---

[38] *Id.* at 13.

[39] *Id* at 14.

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] *Id.*

[44] *Id.*

[45] *Id.* at 4–5.

notice were interviewed, including Plaintiff.[46] Defendant avers that the interview panel consisted of four individuals who scored the applicants based on questions surrounding teamwork, research skills, self-development activities, demonstrating communication skills, etc.[47] Defendant contends the highest scoring candidate, a white individual, earned a score of 188 points, and the second-highest scoring candidate, a black individual, scored 164 points.[48] Defendant states that Plaintiff scored 148 points, earning him third place.[49] Defendant avers that Martin selected the two highest-scoring candidates.[50] Defendant states that on April 20, 2017, Plaintiff was informed he was not selected for the Human Resources Specialist position.[51]

As it relates to both non-selections, Defendant argues the complaint does not allege sufficient facts concerning Plaintiff's non-selection for the positions, such as Plaintiff's qualifications or the race, color, age, disability, EEO status, and qualifications for those chosen for the positions.[52] Nevertheless, Defendant contends he has articulated legitimate, non-discriminatory reasons for not selecting Plaintiff for the two positions.[53] Defendant argues Plaintiff is unable to establish a prima facie case for discrimination related to his non-selection for the Training Instructor for Employee Education GS-11 because a black woman was chosen for this

---

[46] *Id.* at 5.

[47] *Id.*

[48] *Id.*

[49] *Id.*

[50] *Id.*

[51] *Id.*

[52] *Id.* at 4.

[53] *Id.*

position, not someone outside of Plaintiff's protected class.[54] Defendant contends he has articulated a legitimate, non-discriminatory reason for selecting Ms. Vaughn over Plaintiff based on her prior experience as a trainer at the Atlanta Department of Veterans Affairs office for several years.[55] Defendant further argues that the selecting official for the position did not know of Plaintiff's age, race, disability, or EEO activity.[56] Defendant also argues Plaintiff cannot establish a prima facie case of discrimination related to his non-selection for the Human Resource Specialist Trainee GS-7 position.[57] Defendant contends he has offered a legitimate, non-discriminatory reason for selecting the two other candidates based on the candidates' scores from the interview panel.[58] Defendant asserts Plaintiff is unable to prove that the interview and/or selection process was discriminatory.[59]

As it relates to both non-selections, Defendant argues Plaintiff cannot state a claim based on retaliation under Title VII.[60] Defendant points out that Plaintiff contacted an EEO counselor on May 24, 2017 alleging discrimination, while Plaintiff was made aware of his non-selection for the two positions on April 20, 2017 and April 21, 2017.[61] Defendant argues Plaintiff cannot establish a prima facie case for retaliation under Title VII because the non-selections occurred prior to his

---

[54] *Id.* at 15.

[55] *Id.* at 16.

[56] *Id.*

[57] *Id.*

[58] *Id.*

[59] *Id.*

[60] *Id.*

[61] *Id.*

EEO activity.[62] Defendant argues Plaintiff cannot establish an ADEA claim based on the two non-selections because there is no evidence that Plaintiff's age served any basis for non-selection, and Defendant has articulated legitimate, non-discriminatory reasons for rejecting Plaintiff for both positions.[63] Defendant argues Plaintiff cannot maintain a Rehabilitation Act claim based on the two non-selections because Defendant has articulated a legitimate, non-discriminatory reason for selecting other candidates over Plaintiff.[64] Defendant asserts the motion should be granted and all of Plaintiff's claims should be dismissed.[65]

## B.    *Plaintiff's Argument in Opposition to the Motion for Summary Judgment*

In opposition, Plaintiff argues that he had successful performance appraisals from 2016 to 2019 and an exceptional appraisal in 2020.[66] Plaintiff alleges he was not selected for four positions and the individuals selected for the positions had connections to Martin.[67] Plaintiff states that he was admonished in 2018 and suspended in 2019, which is not referenced by Defendant.[68] Plaintiff contends he was discriminated against on at least four jobs and faced retaliation as a result of whistleblower disclosure.[69] Plaintiff argues he was discriminated against based on his age,

---

[62] *Id.*

[63] *Id.*

[64] *Id.* at 17.

[65] *Id.*

[66] Rec. Doc. 44 at 2–3.

[67] *Id.* at 3.

[68] *Id.*

[69] *Id.* at 4.

disability, race, and color based on Martin's comment that he was "not a good fit" in the workplace.[70] Plaintiff avers he was wrongfully and unlawfully terminated on May 20, 2022.[71]

**C.      *Defendant's Argument in Further Support of the Motion for Summary Judgment***

          In further support of the motion, Defendant states Plaintiff includes 319 pages with his oppositions without citations to the record, and the Court is not required to go digging through the record to find evidence in support of a party's position.[72] Defendant contends argument regarding claims or allegations that are not before this Court are irrelevant and should not be considered.[73] Defendant argues Plaintiff has failed to meet his burden of showing substantial evidence of pretext.[74] Defendant points out Plaintiff never argues that he was more qualified than the candidates selected.[75] Defendant argues Plaintiff has failed to establish his burden of proving the selection of the other applicants was motivated by discrimination.[76]

**D.      *Plaintiff's Supplemental Memorandum***

          In further opposition to the motion, Plaintiff reiterates that he was discriminated against.[77] Plaintiff argues there are disputed facts that need to be resolved at trial.[78] Plaintiff contends the law does not support Defendant's position even if the facts are as Defendant claims.[79] Plaintiff

---

[70] *Id.*

[71] *Id.* at 5.

[72] Rec. Doc. 46 at 1–2.

[73] *Id.* at 2.

[74] *Id.*

[75] *Id.*

[76] *Id.*

[77] Rec. Doc. 59 at 2.

[78] *Id.* at 3.

[79] *Id.*

avers his exhibits show the discrimination he has faced.[80] Plaintiff alleges Defendant uses illegal hiring selection practices.[81] Plaintiff alleges the internal investigation was biased, and multiple emails display racism by Godsey.[82] Plaintiff asserts that the motion for summary judgment should be denied.[83]

As it relates to the Training Instructor for Employee Education GS-11 position, Plaintiff alleges his application packet was not submitted by the Human Resources Specialist, Nakia Hooks ("Hooks").[84] Plaintiff reiterates he was discriminated against based on race, sex, age, disability, and/or religion.[85] Plaintiff alleges the executive staff negatively affected Plaintiff's employment relationships which led to Plaintiff not being considered for advancements or promotions despite good performance appraisals.[86] Plaintiff argues he was qualified and possessed the skills, training, and abilities for the positions.[87]

Plaintiff states he requested reasonable accommodations from Defendant based on his disability.[88] Plaintiff avers Defendant was aware of his disability.[89] Plaintiff contends the exhibits in the record establish a foundation for discrimination.[90] Plaintiff reiterates that he received

---

[80] *Id.* at 5.

[81] *Id.*

[82] *Id.* at 6.

[83] *Id.*

[84] Rec. Doc. 60 at 1.

[85] *Id.* at 2.

[86] *Id.*

[87] *Id.* at 3.

[88] *Id.*

[89] *Id.* at 4.

[90] *Id.*

successful performance appraisals from 2016 to 2020.[91] Plaintiff contends that he suffered three erroneous disciplinary actions, an admonishment in 2017, reprimand in 2018, and suspension in 2019, based on non-credible witnesses and biased leadership.[92]

### E.    *Defendant's Sur-Reply Memorandum*

Defendant states Plaintiff has failed to meet his burden of showing substantial evidence of pretext for the admonishment or the non-selections.[93] While Plaintiff claims he had successful performance appraisals and the interview process was unfair, Defendant avers Plaintiff fails to argue he was more qualified than the candidates selected.[94] While Plaintiff alleges Hooks did not forward his application to the hiring manager for the Training Instructor for Employee Education position, Defendant attaches a declaration from Hooks stating that he forwarded Plaintiff's application and a declaration from Ms. Flowers-Maple indicating that she received Plaintiff's application.[95] Defendant contends there are no genuine issues of material fact that Plaintiff's application was forwarded and received.[96]

While Plaintiff states he had successful performance appraisals and should have been selected for the Human Resources Specialist position, Defendant reiterates that Plaintiff was not selected for the positions because the two highest-scoring candidates were selected.[97] Defendant

---

[91] *Id.*

[92] *Id.* at 4–5.

[93] Rec. Doc. 65 at 1.

[94] *Id.*

[95] *Id.* at 1–2.

[96] *Id.* at 2.

[97] *Id.*

points out that it previously attached the criteria used to assess candidates,[98] which Defendant argues shows a legitimate, non-discriminatory reason for Plaintiff's non-selection.[99]

### III. Legal Standard

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[100] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[101] All reasonable inferences are drawn in favor of the nonmoving party.[102] Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[103] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[104] The nonmoving party may not rest upon the pleadings.[105] Instead, the nonmoving

---

[98] Rec. Doc. 42-16.

[99] Rec. Doc. 65 at 2.

[100] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[101] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

[102] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Reeves*, 530 U.S. at 150).

[103] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[104] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cites Serv. Co.,* 391 U.S. 253, 289 (1968)).

[105] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[106]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[107] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[108] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[109] The nonmoving party must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[110]

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[111] Moreover, the nonmoving party may not rest upon mere allegations or denials in its pleadings.[112]

---

[106] *See id.*; *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[107] *Celotex Corp.*, 477 U.S. at 323.

[108] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (internal citation omitted).

[109] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[110] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[111] *Little*, 37 F.3d at 1075 (internal citations and quotation marks omitted).

[112] *Morris*, 144 F.3d at 380.

## IV. Analysis

Plaintiff brings claims under Title VII of the Civil Rights Act of 1964, the ADEA, and the Rehabilitation Act, alleging that Defendant discriminated against him based on his age, race, and disability when: (1) he was not selected for the position of Human Resources Specialist GS-7 on April 20, 2017; (2) he was not selected for the position of Training Instructor for Employee Education GS-11 in May 2017; and (3) an admonishment was issued to Plaintiff on June 8, 2017.[113] Defendant moves for summary judgment arguing that Plaintiff cannot prove a prima facie case of discrimination.

Under Title VII, it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin."[114] The ADEA prohibits an employer from failing or refusing to hire an individual, from discharging him or her, or from otherwise discriminating against the individual with respect to compensation, terms, conditions, or privileges of employment solely because of the individual's age.[115] The Rehabilitation Act provides "the exclusive remedy for a federal employee alleging disability-based discrimination."[116]

Because Plaintiff relies on circumstantial evidence to support his Title VII discrimination claim, the claim is properly analyzed under the *McDonnell Douglas* burden-shifting framework.[117]

---

[113] Rec. Doc. 42-3 at 2.

[114] 42 U.S.C. § 2000e-2.

[115] 29 U.S.C.A. § 623(a)(1).

[116] *Dark v. Potter*, 293 F. App'x 254, 258 n. 22 (5th Cir. 2008).

[117] *See Smith v. City of St. Martinville*, 575 Fed. Appx. 435, 438 (5th Cir. 2014) (per curiam).

This framework also applies to claims of discrimination based on disability under the Rehabilitation Act;[118] Title VII retaliation claims;[119] and ADEA claims.[120]

Under this framework, Plaintiff must first establish a prima facie case of discrimination, which "creates a presumption that [Defendant] unlawfully discriminated against" him.[121] To establish a prima facie case of discrimination, Plaintiff must make a prima facie showing for each claim. The prima facie showing for a claim of discrimination under Title VII requires that Plaintiff produce evidence to show that:

> (1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably ... than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.[122]

To state a prima facie retaliation claim, a plaintiff must allege that (1) the employee participated in an activity protected by Title VII; (2) the employer took an adverse employment action against the employee; and (3) a causal connection exists between the protected activity and the adverse employment action.[123] An age discrimination claim requires Plaintiff to demonstrate that (1) he suffered an adverse employment action; (2) he was qualified for the position; (3) was within the protected class (over 40 years old) when the adverse action occurred; and (4) was replaced by someone younger or outside of the protected class, treated less favorably than similarly

---

[118] *Houston v. Texas Dep't of Agric.*, 17 F.4th 576, 585 (5th Cir. 2021).

[119] *T.O. Obrien v. Autozoners, LLC d/b/a Autozone,* 2024 WL 4838867 (E.D. La. Nov. 20, 2024)(citing *Lindsley v. TRT Holdings, Inc.,* 984 F.3d 460, 469 (5th Cir. 2021)).

[120] *Allen v. USPS*, 63 F.4th 292, 300 (5th Cir. 2023).

[121] *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981).

[122] *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (citing *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005) (per curiam)).

[123] *T.O. Obrien,* 2024 WL 4838867.

situated younger employee, or otherwise discharged because of his age.[124]  To set forth a prima

facie claim for relief under the Rehabilitation Act, a plaintiff must show that (1) he is an individual

with a disability within the meaning of the statute; (2) who is otherwise qualified to perform the

duties of his position; (3) worked for a program or activity receiving federal funds or for a federal

agency; (4) suffered an adverse employment action because of his disability.[125]

Next, if Plaintiff establishes a prima facie case, the burden of production shifts to

Defendant to articulate a legitimate, nondiscriminatory reason for the employment actions taken

against Plaintiff.[126] Defendant's burden is one of production, not proof, and involves no credibility

assessments.[127]

Finally, if Defendant meets its production burden, Plaintiff may prove intentional

discrimination by proceeding under one of two alternatives: the pretext alternative or the mixed-

motives alternative.[128] Under the pretext alternative, Plaintiff must "offer sufficient evidence to

create a genuine issue of material fact … that [Defendant's] reason is not true, but is instead a

pretext for discrimination[.]"[129] "Pretext is established 'either through evidence of disparate

treatment or by showing that the employer's proffered explanation is false or unworthy of

credence.'"[130] Under the comparatively rare mixed-motives alternative, Plaintiff must offer

---

[124] *Maestas v. Apple, Inc.*, 546 F. App'x 422, 425-426 (5th Cir. 2013).

[125] *Texas Dep't of Agric.*, 17 F.4th 585.

[126] *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1993).

[127] *See, e.g.*, *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 385 (5th Cir. 2003).

[128] *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) (age discrimination case); *see also Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011) (Title VII race discrimination case).

[129] *Rachid*, 376 F.3d at 312 (citation and internal quotation marks omitted).

[130] *Delaval v. PTech Drilling Tubulars, L.L.C.,* 824 F.3d 476, 480 (5th Cir. 2016) (quoting *Laxton v. Gap Inc.,* 333 F.3d 572, 578 (5th Cir. 2003)).

sufficient evidence to create a genuine factual issue concerning whether Defendant's "reason, while true, is only one of the reasons for its conduct, and another motivating factor is [Plaintiff's] protected characteristic[.]"[131] "Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'"[132]

## A.    *Failure to Select Plaintiff for Two Positions*

Plaintiff alleges he was discriminated against based on race, age, and disability when he was not selected for two positions, Training Instructor for Employee Education GS-11 and Human Resources Specialist GS-7.

Defendant argues Plaintiff cannot prove a prima facie case for race discrimination because Plaintiff cannot prove that someone outside of his protected class was selected for the Training Instructor for Employee Education GS-11 position.[133] It is undisputed that Plaintiff is a member of a protected class based on his race and that he was qualified for the position. However, a black woman, not someone outside of Plaintiff's protected class, was selected for the Training Instructor for Employee Education GS-11 position. For this reason, Plaintiff cannot prove a prima facie case of race discrimination as it relates to his non-selection for the Training Instructor for Employee Education GS-11 position.

Further, Defendant has provided evidence that Plaintiff was not the most qualified candidate based on objective hiring criteria. Defendant provides evidence that the hiring official had no knowledge of Plaintiff's age, race, or disability, and the candidate selected for the position,

---

[131] *Id.* (citation and internal quotation marks omitted).

[132] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (alteration in original) (quoting *Burdine*, 450 U.S. at 253).

[133] Rec. Doc. 42-3 at 15.

a black woman, who had several years of relevant experience in that position. While Plaintiff argues that Hooks did not forward his application for the Training Instructor position, Defendant provides evidence showing that Hooks did forward Plaintiff's application and Plaintiff's application was subsequently received by Ms. Flowers-Maple. Plaintiff has failed to present evidence showing that Defendant's reasons for non-selection were a pretext for discrimination.

As it relates to Plaintiff's non-selection for the Human Resource Specialist position, Defendant argues it has articulated a legitimate non-discriminatory reason for selecting a white candidate and a black candidate over Plaintiff. Defendant provides evidence that Plaintiff was interviewed, along with other qualified candidates, and the two highest-scoring candidates were selected. The selected candidates for the HR specialist positions scored more points than Plaintiff. Defendant provides the interview questions and scoring criteria for the applicants.[134] Plaintiff has not alleged that he was more qualified than the selected candidates, nor has he provided evidence to dispute Defendant's reasoning for his non-selection. Plaintiff has failed to present any conflicting evidence from which a jury could reasonably find the actions of Defendant were the product of racial discrimination, discrimination based on age, or discrimination based on disability. As it relates to Plaintiff's retaliation claim, Plaintiff has failed to establish a causal connection between an EEO protected activity and his non-selection for the positions. Accordingly, Plaintiff has not met his burden, and thus, summary judgment is warranted on these claims.

**B.    *Plaintiff's June 2017 Admonishment***

Plaintiff also alleges that he was subjected to discrimination when his supervisor issued an admonishment to Plaintiff on June 8, 2017. However, an admonishment, without more, does not constitute an adverse employment action unless it materially affects the terms, conditions, or

---

[134] Rec. Doc. 42-16.

privileges of employment.[135] Plaintiff states that he was suspended and later terminated from the Department of Veterans Affairs based on bias and intentional sabotage by Plaintiff's supervisor and executives stemming from the underlying incident.

Even if this constitutes an adverse employment action, Defendant has provided a legitimate, non-discriminatory reason for Plaintiff's June 2017 admonishment. Defendant provides evidence of a confrontational email sent by Plaintiff to another co-worker, which Defendant explains was the basis of Plaintiff's admonishment. Plaintiff does not dispute the truthfulness of these allegations. To survive summary judgment, Plaintiff must present sufficient evidence to create a genuine issue of material fact that Defendant's proffered reason is not true but is instead a pretext for discrimination.[136] Plaintiff has failed to present any conflicting evidence from which a jury could reasonably find the actions of Defendant were the product of discrimination based on Plaintiff's race, age, disability, or retaliation. Plaintiff has failed to prove his burden, and thus, summary judgment is appropriate as to this issue.

Accordingly,

---

[135] *See Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 52, 68 (2006).

[136] *EEOC* v. LHC Grp., 773 F.3d 688, 702 (citing *Rachid v. Jack In The Box, Inc.,* 376 F.3d 305, 312 (5th Cir. 2004)).

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment[137] is

**GRANTED.**

**NEW ORLEANS, LOUISIANA**, this 21st day of March, 2025.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[137] Rec. Doc. 42.